UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL HERNANDEZ,

    Plaintiff,

v.

CITY OF GIG HARBOR, et al.,

    Defendants.

CASE NO. 3:21-CV-5401-BHS

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

    Plaintiff Michael Hernandez, proceeding *pro se*, filed this action alleging violations of his constitutional rights. *See* Dkt. 1-1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

    Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim upon which relief can be granted. The Court dismisses Plaintiff's Proposed Complaint without prejudice, re-notes the pending

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 1

Application to Proceed IFP, and provides Plaintiff with leave to file an amended pleading by July 12, 2021, to cure the deficiencies identified herein.

**I.      Background**

Plaintiff alleges his rights were violated when: (1) Defendant Daniel Jarab, a Gig Harbor, Washington police officer, unlawfully arrested Plaintiff; (2) Defendant Zennon Olbertz, a state municipal judge, and Defendant Stan Glisson, a city attorney for Gig Harbor, denied him the right to counsel of his choice; and (3) Defendant Kit Kuhn, the Mayor of Gig Harbor, failed to address a known problem in the court system. Dkt. 1-1.

**II.     Discussion**

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 2

ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. Plaintiff provides conclusory allegations surrounding an arrest and court appearance. However, Plaintiff has not provided a factual summary that sufficiently explains to the Court the facts surrounding the alleged wrong-doing. Plaintiff has not provided a "simple, concise, and direct" explanation of each allegation. *See* Fed. R. Civ. P. 8(d). Furthermore, Plaintiff contends the alleged wrongs occurred, in part, on March 28, 2019; thus, it is

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 3

possible the statute of limitations has run.[1] Therefore, Plaintiff has not stated a claim upon which relief can be granted.[2]

The Court also finds Plaintiff cannot sue Defendants Olbertz, a state municipal judge, and Glisson, a city attorney/prosecutor, in this action. "State judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (court employees performing quasi-judicial functions are entitled to absolute immunity); *Rein v. Nw. Mortg. Grp., Inc.*, 668 F. App'x 209 (9th Cir. 2016) (finding Washington Superior Court Judge and judicial assistant were entitled to absolute immunity). Prosecutors are also entitled to absolute immunity from liability for damages under §1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Plaintiff is challenging Defendants Olbertz and Glisson's actions as related to

---

[1] Plaintiff's claims arise under 42 U.S.C. § 1983, which has a three-year limitations period. *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Plaintiff appears to assert the violations are on-going through June 4, 2019. However, as Plaintiff has not provided a detailed statement of the claims, the Proposed Complaint does not contain adequate factual pleadings to determine if the statute of limitations has run.

[2] The Court notes that to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

ORDER DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE, GRANTING PLAINTIFF
LEAVE TO AMEND, AND RENOTING
PLAINTIFF'S MOTION TO PROCEED IN FORMA
PAUPERIS - 4

court proceedings. Thus, they are immune from liability and Plaintiff's claims cannot proceed against them.

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court dismisses Plaintiff's Proposed Complaint without prejudice.

If Plaintiff intends to pursue this action, he must file an amended complaint on or before July 12, 2021. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. If Plaintiff fails to file an amended complaint or otherwise respond, the undersigned will recommend that the Application to Proceed IFP be denied and that this case be closed. If Plaintiff submits an adequate complaint, the Court will consider the Application to Proceed IFP.

The Clerk is directed to re-note the Application to Proceed IFP (Dkt. 1) for consideration on July 12, 2021.

Dated this 10th day of June, 2021.

David W. Christel
United States Magistrate Judge

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 5